UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAL-MART STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1805 RLW |
| ) | |
| PDX INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted (ECF No. 19). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Wal-Mart sold Jean Pendino prescription drug Tegretol, a known teratogen, prior to her pregnancy with Paul Pendino, Jr., who was born with spina bifida. (Amended Complaint, ECF No. 18 at 6-10). Wal-Mart was named as a defendant in a case filed by Paul and Jean Pendino (collectively, "the Pendinos"), as next friend to their minor son, Paul Pendino, Jr., in the Circuit Court for the City of St. Louis, Missouri. (Amended Complaint, ¶¶8, 11). The Pendinos alleged that Wal-Mart was negligent in failing to warn Jean Pendino about the risks of using Tegretol prior to her pregnancy. (Amended Complaint, ¶12). The Pendinos also named PDX, Inc. ("PDX") and Landmark Data, Inc. n/k/a National Health Information Network, Inc. ("NHIN"), both of which licensed various copyrighted databases of pharmaceutical information and periodical

---

[1] Because this matter is before the Court on a motion to dismiss, the Court assumes all facts alleged in the Amended Complaint are true. *See Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 660 (8th Cir. 2001)("under Fed.R.Civ.P. 12(b)(6), the plaintiff is entitled to all reasonable inferences that may be drawn from the allegations of the complaint").

1

updates thereto. (Amended Complaint, ¶¶2-3). On or around May 25, 2004, the Pendinos and Wal-Mart, for valid consideration, entered into a Full and Final Release ("Release"), releasing Medi-Span, and its successors and assigns. (Amended Complaint, ¶13). In 2008, the Pendinos and Wal-Mart, for valid consideration, entered into an Addendum to Full and Final Release ("Addendum"). (Amended Complaint, ¶14). The Circuit Court of the Twenty-Second Circuit, State of Missouri, found in its June 25, 2014 Findings of Fact, Conclusions of Law, Order and Judgment, in *Wal-Mart Stores, Inc. v. Pendino, et al.*, No. 1122-CC8325, that the Addendum to the Release was valid and enforceable, supported by consideration, and release PDX, Landmark, and their respective successors and assigns. (Amended Complaint, ¶15). The Addendum expressly incorporates the amount paid in the Release to relieve PDX, Landmark, and their respective successors and assigns, from liability to the Pendinos, as well as the consideration to enter into the Addendum, and such other good and valuable consideration. (Amended Complaint, ¶16). The consideration for the Release of the Pendinos' claims against Wal-Mart Stores, PDX and NHIN is an amount subject to a confidentiality agreement, was in excess of $25,000, and was paid by Wal-Mart in accordance with the terms of the Release. (Amended Complaint, ¶19).

This case was originally filed in the Circuit Court of the City of St. Louis, State of Missouri on or about June 15, 2012. A copy of the Petition was served on Defendants PDX and NHIN on September 25, 2014. Defendants removed this action to this Court on or about October 24, 2014. On December 17, 2014, Wal-Mart filed its Amended Complaint, alleging claims for contribution against Defendants. Wal-Mart alleges that the settlement amount paid solely by Wal-Mart was inequitable and that any liability to the Pendinos should be apportioned between Wal-Mart and Defendants based upon their relative fault under the common law and Mo.Rev.Stat. §537.060. (Amended Complaint, ¶¶53-54, 75-76).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

Defendants contend that Wal-Mart's action must be dismissed for "lack of ripeness" because the language of the Addendum demonstrates that "any payment for the release of these Defendants is contingent on a future recovery" by Wal-Mart. (ECF No. 20 at 4-5). The Addendum states:

> In consideration of releasing any claim we have or may have against PDX, Inc. and/or Landmark Data, Inc. and their agents, employers, officers, successors, assigns, divisions, and subsidiaries, Wal-Mart agrees to pay Jean Pendino and Paul Pendino, as Next Friend of Minor Paul Pendino, Jr. 10% of any amounts received ... from any contribution action, or action for indemnity.

(ECF No. 20-1). Defendants argue that their release is contingent on a "future event and therefore, nothing has yet to be paid on behalf of these Defendants." (ECF No. 22 at 2 (citing ECF No. 16-2 at 9-10).

In response, Wal-Mart maintains that Defendants' theory is contradicted by the allegations in the Amended Complaint, and by the June 25, 2014 Findings of Fact, Conclusions of Law, Order and Judgment entered by the Circuit Court of the Twenty-Second Circuit, State of Missouri. (ECF No. 21 at 1). Therein, the Circuit Court of the Twenty-Second Circuit found that the Addendum was valid and enforceable, supported by consideration, and released PDX, Landmark, and their respective successors and assigns. (*Id.*) Wal-Mart maintains that the Amended Complaint clearly alleges that Defendants were released and that a debt was paid on behalf of Defendants by Wal-Mart, and that the settlement was reasonable. (ECF No. 21 at 3). Wal-Mart notes that there is nothing contingent in the Release and nothing contingent in the amount paid by Wal-Mart to release Defendants.

"When two or more persons become liable in tort to the same person for the same harm, there is a right of contribution among them". *Safeway Stores, Inc. v. Raytown,* 633 S.W.2d 727, 730 (Mo. banc 1982) (quoting Restatement (Second) of Torts § 896A(1) (1965)). To maintain an action for contribution, both the party seeking contribution and the "defendant against whom contribution is sought must be ... tortfeasor[s], originally liable to the plaintiff-injured party." *Id.* "If the party seeking contribution entered into settlement with the original plaintiff, the party must hurdle additional obstacles before being entitled to contribution. Contribution is available to the settling party only (1) if the liability of the person against whom contribution is sought has been extinguished; and (2) to the extent that the amount paid in settlement was reasonable." *Gramex Corp. v. Green Supply, Inc.,* 89 S.W.3d 432, 443 (Mo. 2002)(internal citations and quotations omitted).

4

The Court holds that Wal-Mart's Amended Complaint adequately states claims for contribution against Defendants. Wal-Mart has alleged that any liability that PDX and NHIN had as to the Pendinos was extinguished by the Release and the Addendum and for valid consideration. (Amended Complaint, ¶51, 73). Wal-Mart alleges that it paid the settlement amount, but that the amount paid by Wal-Mart was inequitable and should be reapportioned between Defendants based upon their relative fault under the common law and Mo.Rev.Stat. §537.060. (Amended Complaint, ¶¶53-54, 75-76). These allegations demonstrate that the debt of the Defendants has been extinguished by, and that consideration was paid for, the execution of the Release and Addendum. The Court holds that these allegations adequately state a claim for contribution based upon Wal-Mart's consideration paid to the Pendinos to release the claims against Defendants based upon the same harm to the Pendinos. *See Gramex Corp.*, 89 S.W.3d at 443.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted (ECF No. 19) is **DENIED**.

Dated this 3rd day of April, 2015.

/s/ Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE