UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAL-MART STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1805-RLW |
| ) | |
| PDX, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend the Case Management Order (ECF No. 52). Therein, Plaintiff asks for this Court to amend the Case Management Order because the parties have not engaged in any discovery, other than propounding interrogatories and requests for production of documents, since entry of the May 6, 2015 Case Management Order. This lackadaisical attitude towards discovery is due, in part, to Plaintiff's counsel's apparent dispute with its client's insurance carrier over nonpayment of legal fees. (ECF No. 50). A dispute over nonpayment of fees does not present excusable neglect for failure to comply with the Court's Case Management Order. The Court notes that Defendant does not consent to any extension of deadlines in the Case Management Order because such a request is untimely, given that the deadlines Plaintiff seeks to amend have already passed by several months. (ECF No. 49).

Although, Plaintiff's request is untimely, the Court finds that any alleged prejudice to Defendant would be outweighed by the prejudice to Plaintiff if the Court did not allow any extension. Therefore, the Court will allow Plaintiff a brief extension of the Case Management Order.

- 1 -

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Case Management Order (ECF No. 52) is **GRANTED**, in part, and the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I. **SCHEDULING PLAN**

1. This case has been assigned to Track 2 (Standard).

2. Disclosure shall proceed in the following manner:

    (a) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **January 15, 2016**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **February 4, 2016**

    (b) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **February 26, 2016**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **March 18, 2016**.

    (c) Requests for physical or mental examination of parties pursuant to Rule 35, Fed. R. Civ. P. are not anticipated.

    (d) The parties shall complete all discovery in this case no later than **April 1, 2016**.

    (e) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. This case shall be referred to alternative dispute resolution on **January 4, 2016**, and that reference shall terminate on **February 19, 2016.**

5. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions under <u>Daubert</u> must be filed no later than **April 11, 2016**. Opposition briefs shall be filed no later than **May 10, 2016** and any reply brief may be filed no later than **May 25, 2016**. **Courtesy copies (including all exhibits) of all motions for summary judgment and motions under <u>Daubert</u> shall be submitted to chambers either by mail or hand-delivery.**

II. **ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **August 1, 2016**, at 9:00 a.m. This is a **2** week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.

Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Instructions:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.). **The parties shall email a copy of the instructions to the clerk at:**

**MOEDml_Team_AGF_RLW_NCC@moed.usousrts.gov**

6. **Trial Brief:** Submit to the Court and to opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions in Limine:** Parties shall file all motions in limine to exclude evidence, **and submit a courtesy copy directly to the Court's chambers,** at least ten (10) days before the trial conference.

Failure to comply with any part of this Order may result in the imposition of sanctions.

Dated this 21st day of December, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE