UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1805 RLW |
| | ) | |
| PDX INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike and Objection to the Use of Prior Depositions (ECF No. 57), Defendants' Motion to Compel Discovery Responses (ECF No. 61), Plaintiff's Motion for Extension of Time to Produce Expert Witnesses (ECF No. 63), and Defendants' Request for Extension of Time to Disclose and Produce Expert Witness (ECF No. 73). These matters are fully briefed and ready for disposition.

**A. Defendants' Motion to Strike (ECF No. 57)**

In Plaintiff's Second Supplemental Designation of Expert Witnesses, Plaintiff identified four individuals as experts "who will be presented via transcript in the proceeding *Jean Pendino and Paul Pendino as next friend of Minor Paul Pendino, Jr. v. Rebecca J. Graham, D.O., Cedar Hill Medical, Inc. d/b/a Cedar Hill Medical Center, Tenent Healthsystem DI-TPS, Inc. d/b/a Cedar Hill Medical Center, Dale J. Brewer, D.O., Daniel J. Meshoto, D.O., Tenet Healthsystem DI-TPS, Inc. d/b/a Women's & Children's Center, Sheryle Del Principe, M.D., Deaconess Medical Center-West Campus d/b/a Deaconess West Hospital d/b/a Normandy Osteopathic Hospital and Wal-Mart Campus d/b/a Deaconess West Hospital d/b/a Normandy Osteopathic Hospital and Wal-Mart Stores, Inc.*, no. 012-00491, which was filed in the Circuit Court for the City of St. Louis, Missouri ('Underlying Action')." (ECF No. 58-1). Plaintiff identified Larry

1

Ereshefsky, Pharm. D., Terry Martinez, Ph.D, Elias Chalub, M.D., and Steven Whitehead, M.D., as experts. Plaintiff provided transcripts of the prior depositions and CVs of all of the experts. (ECF No. 58 at 3-4). Defendants ask the Court to strike these expert designations because they do not comply with Fed. R. Civ. P. 26. Defendants argue that the deposition transcripts, which date back to 2003 and 2004, constitute hearsay because Defendants were not parties to the prior lawsuit and did not have an opportunity to cross-examine these witnesses. (ECF No. 58 at 4-5). Defendants further argue that use of the prior deposition transcripts do not comply with Rule 804(b)(1)[1] because there is no evidence that the declarants are currently unavailable or that there was a "predecessor in interest" at their depositions that developed testimony through direct or cross-examination. (ECF No. 58 at 5).

In response, Plaintiff argues that Defendants cannot complain about providing prior testimony because Defendants have also designated prior testimony of experts. (ECF No. 59 at 1-2). Plaintiff states that, under Fed. R. Civ. P. 26, expert testimony submitted via testimony does not require a report because the "testimony is a report." (ECF No. 59 at 2). As to the admissibility of testimony under Fed. R. Evid. 804, Plaintiff notes that these experts are unavailable. (ECF No. 59 at 2-3). First, Dr. Martinez is deceased. Second, the other three experts reside outside of the Court's subpoena power under Fed. R. Civ. P. 45, and are unavailable pursuant to Fed. R. Civ. P. 32(a)(3). (ECF No. 59 at 2-3). Finally, Plaintiff claims that predecessors in interest were present at the depositions of Martinez, Ereshefsky, Chalub, and

---

[1] Fed. R. Evid. 804(b)(1) provides that former testimony is not excluded by the rule against hearsay if the declarant is unavailable as a witness and if the testimony "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

Whitehead, and those predecessors in interest addressed the matters and opinions of these expert witnesses. (ECF No. 59 at 3-4).

The Court strikes Plaintiff's expert designations of Martinez, Ereshefsky, Chalub, and Whitehead. The Court finds it to be unfair under these circumstances for Plaintiff to designate four experts that are "unavailable". The Court notes that Plaintiff's designation does not comply with Rule 26. The CVs and depositions are all from 2003 and 2004, and the CVs have not been updated. Although Plaintiff claims that Defendants' predecessors in interest were able to participate in the experts' depositions, Defendants have provided evidence that the parties involved in the prior depositions did not have the same interests in the monographs as the Defendants in this case. (ECF No. 60 at 5-6). Because Plaintiff's designations do not comply with Rule 26 or Fed. R. Evid. 804, the Court will strike Plaintiff's Martinez, Ereshefsky, Chalub, and Whitehead. The Court, however, will amend the case management order and give Plaintiff an opportunity to comply with the rules and provide proper expert disclosures.

### B. Defendants' Motion to Compel (ECF No. 61)

#### 1. Interrogatory Numbers 2, 3, 4, 5 and 6

Plaintiff agreed to provide nonprivileged information in response to Interrogatory numbers 2, 3, 4, 5 and 6. (ECF No. 65 at 1). Plaintiff shall provide these answers no later than March 11, 2016.

#### 2. Interrogatory Number 7

Plaintiff has agreed to answer interrogatory number 7 (a) and (b). Interrogatory number 7(c) requests the full name and phone number of each person who has personal knowledge or claims to have personal knowledge as to the terms ... of the Addendum, as alleged in Paragraph 14 of Plaintiff's Amended Complaint. (ECF No. 62-3). Plaintiff claims that this is overbroad in that it requires Plaintiff to speculate regarding what people claim to have personal knowledge of

the Addendum. (ECF No. 65 at 1). The Court holds that this is not overbroad. Plaintiff shall identify any people who hold themselves out as having knowledge of the Addendum.

### 3. Interrogatory Numbers 8-11 and Requests Numbers 8-21

These interrogatories relate to the terms and conditions of a Memorandum of Understanding, which was previously produced by Plaintiff, between Wal-Mart and the American International Specialty Lines Insurance Company and its member and associated companies regarding Contractual Liability Occurrence Policy Number 1218479, a Contractual Liability Occurrence Policy Number 1218479, the Wal-Mart File Transfer and the Loss Portfolio Transfer/Buyout. Plaintiff claims that these documents are not relevant to their claim for contribution. (ECF No. 65 at 3). Plaintiff maintains that this information is not relevant to resolving the issues relating to the monographs at issue. (*Id.*). Plaintiff also asserts that it should not be required to withdraw all of its objections, including claims of privilege.

In response, Defendants claim that these documents are relevant to their pleaded defenses. (ECF No. 67 at 2 (citing ECF Nos. 28-29, affirmative defenses numbers 1, 2, 4, 5, 10, 12, 13, 14, 15 and 16)). Defendants argue that the Memorandum of Understanding and the Wal-Mart File Transfer Requirements are relevant because they regard transactions and/or a "buyout" between Plaintiff and AIG which resulted in "all" of the settlement dollars coming from AIG. (ECF No. 67 at 3). Therefore, Plaintiff claims that Defendants' discovery requests "are seeking relevant information in that it is unclear, at this time, as to who has the right to seek contribution in this case and therefore goes to the issue of standing and the right of Plaintiff to contribution, as alleged inthier [sic] current Complaint." (ECF No. 67 at 3). As further support, Defendants note that Defendants' counsel alleged in their Motion for Leave to Withdraw that "American International Recovery, Inc. is the party that paid for the settlement of the Underlying Lawsuit for which Contribution is sought." Defendants claim that such documents do not qualify for any protection

4

and that these documents are relevant to the issue of standing and the right to contribution. (ECF No. 67 at 4). Defendants assert that privilege is not applicable because Plaintiff has "opened the door to these documents by filing a claim for contribution." (ECF No. 67 at 4).

The Court notes that this case was filed as a contribution claim. (ECF No. 18). At this stage of the litigation, the Court will limit the parties to issues regarding Defendants' liability for the underlying lawsuit. Defendants' attempt to discover information regarding the insurance coverage for the settlement seems irrelevant, particularly given that the Circuit Court of the Twenty-Second Circuit found that the Addendum to the Release was valid and enforceable, supported by consideration, and released PDX, Landmark, and their respective successors and assigns. (ECF No. 65 at 4). Likewise, the Court does not find that Defendants' pleaded defenses require the information sought in these requests. Therefore, the Court denies the motion to compel Interrogatory Numbers 8-11 and Requests Numbers 8-2.

### 4. Requests Numbers 3, 4, 5, 6, and 7

Plaintiff claims that it has produced responsive documents in this litigation and prior litigation and that these requests are duplicative of those requests. Defendants claim that such documents have not been identified in this litigation. (ECF No. 67 at 5). The Court orders Plaintiff to identify the responsive documents produced in this litigation. If Plaintiff has not produced the responsive documents in this litigation, then Plaintiff must produce those responsive documents no later than March 11, 2016.

### C. Plaintiff's Motion for Extension of Time (ECF No. 63) and Defendants' Request for Extension of Time (ECF No. 73)

The parties have both requested extension of time to produce their expert witnesses. As previously indicated, the Court will amend the Case Management Order and provide the parties

with new expert disclosure deadlines. The Court, therefore, grants these motions, in part and in accordance with the new Case Management Order filed herewith.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike and Objection to the Use of Prior Depositions (ECF No. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Discovery Responses (ECF No. 61) is **GRANTED**, in part, and **DENIED**, in part, as discussed herein. Plaintiff shall provide any amended responses no later than **March 11, 2016**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Extension of Time to Produce Expert Witnesses (ECF No. 63) and Defendants' Request for Extension of Time to Disclose and Produce Expert Witness (ECF No. 73) are **GRANTED**. The parties should refer to the Amended Case Management Order, filed herewith, for the new expert disclosure and deposition deadlines.

Dated this 2nd day of March, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE