UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAL-MART STORES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV1805 RLW |
| | ) |
| PDX INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel, for Sanctions, and to Disqualify (ECF No. 90), Defendants' Motion for Protective Order and/or to Quash Plaintiff's Request to Produce Documents Pursuant to Rule 30(b)(6) and 34 of the Federal Rules of Civil Procedure (ECF No. 105) and Plaintiff's Motion for Protective Order (ECF No. 107). These matters are fully briefed and ready for disposition.

**I.  Motion to Compel, for Sanctions, and to Disqualify (ECF No. 90)**

Defendants contend that several of Plaintiff's interrogatory responses are incomplete. In particular, Defendants note that several of Plaintiff's interrogatory answers state that the responses will be amended.

Defendants also argue that Plaintiff's counsel should be disqualified. Plaintiff indicated in its discovery responses that Stefan Glynias and Kevin Davidson, who is deceased, are the only individuals who negotiated the settlement referenced in the Addendum and had personal knowledge of the terms of the Addendum. (ECF No. 91 at 8). Plaintiff also listed "Stefan Glynias" as the name of the individual that drafted the Addendum. Defendants contend that Mr. Glynias, who represented Plaintiff Wal-Mart in the underlying medical malpractice claim, appears to be the only person still living who participated in the negotiation and drafting of the Addendum

1

and its terms. (ECF No. 91 at 8). Defendants contend that Mr. Glynias is an essential fact witness on a key issue in this case and, therefore, must be disqualified. Under Rule 4-3.7 of the Missouri Rules of Professional Conduct, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." (ECF No. 91 at 8). Defendants also assert that there is an "inherent conflict of interest" present because there is a potential for a professional malpractice claim against the firm of Lashly & Baer, P.C. due to their participation and negotiation of the Addendum. (ECF No. 91 at 8-9).

In response, Plaintiff first asserts that Defendants did not engage in a meet and confer prior to filing this motion to compel. (ECF No. 97 at 4-5). Further, Plaintiff states that it will supplement the addresses for the retired employees identified in Interrogatories numbers 4 and 5 within 15 days. Plaintiff further asserts that Interrogatory number 6 properly identifies the persons with knowledge that it may call at trial. Finally, Plaintiff claims that it properly identified only Stefan Glynias and Kevin Davidson as the people with knowledge of the Addendum and any challenge to that answer is "pure conjecture." (ECF No 97 at 5).

With respect to the Motion to Disqualify, Plaintiff states that the Circuit Court of the Twenty-Second Circuit, State of Missouri, has already held that the Addendum is a valid and enforceable contract. (ECF No. 97 at 1-2). Plaintiff maintains that this determination has collateral estoppel effect against Defendants, who intervened and were parties to the underlying medical malpractice claim, *Wal-Mart Stores v. Pendino*, et al., No. 1122-CC088325. Plaintiff further argues that, even if Mr. Glynias were called to testify, that would not disqualify Lashly & Baer, P.C. from defending this action. (ECF No. 97 at 3-4); *see also Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007).

The Court holds that Defendants' Motion to Compel is largely denied. Plaintiff is standing on its interrogatory answers. The Court cannot force Plaintiff to identify additional

2

people with knowledge of the Addendum or people it may call at trial. If additional people are identified, the Court cautions Plaintiff to immediately supplement these interrogatory answers or face possible sanction by the Court. Because more than fifteen days has passed since Plaintiff filed its response to the motion to compel, the Court assumes that Plaintiff has provided the last known addresses for the retired employees. Because the Court finds that Plaintiff has adequately responded to Defendants' discovery requests, the Court denies the Motion to Compel.

Further, the Court holds that disqualification of Plaintiff's counsel is not warranted at this time. "By its own terms, Rule 4–3.7 only prohibits a lawyer from acting as an 'advocate *at a trial* in which the lawyer is likely to be a necessary witness.'" *Droste*, 477 F.3d at 1035. Defendants have not demonstrated that disqualification is immediately necessary at this stage of the litigation. Therefore, the Motion to Disqualify is also denied.

## II. Defendants' Motion for Protective Order and/or to Quash Plaintiff's Request to Produce Documents Pursuant to Rule 30(b)(6) and 34 of the Federal Rules of Civil Procedure (ECF No. 105)

On or about August 4, 2016, Plaintiff served on Defendants a Notice of Rule 30(b)(6) deposition, setting the deposition of the corporate representative(s) of Defendants on August 12, 2016, at the corporate offices of PDX.[1] The Notice of Deposition also included a request to produce documents.

Defendants complain that the request to produce documents is untimely and directly conflicts with Fed. Rule Civ. P. 34, which allows thirty (30) days to respond and/or produce the requested documents. (ECF No. 106). Defendants state that they are not seeking to quash or cancel the deposition, only the Request for Production of Documents, pursuant to Fed. R. Civ. P. 34.

---

[1] The Court stayed the deposition to allow time to rule on this dispute. (ECF No. 114).

In response, Plaintiff offers to extend the date of the deposition to allow Defendants sufficient time to produce the documents under Fed. R. Civ. P. 34. (ECF No. 111). Plaintiff emphasizes that discovery was propounded prior to the cut-off date, and Plaintiff was entitled to the requested documents. (ECF No. 111 at 2).

Finally, Defendants reply that if the Court is inclined to extend the deadline for taking the deposition in question, then Defendants request that the Court stay discovery and enter a new Case Management Order. (ECF No. 112).

The Court will extend the deadline for this deposition to take place to allow Defendants thirty (30) days to provide the relevant documents. The parties shall provide an amended joint proposed scheduling plan to the Court no later than September 9, 2016.

### III.     Plaintiff's Motion for Protective Order (ECF No. 107)

In this Motion for Protective Order, Plaintiff seeks to prohibit discovery on several topics identified in Defendants' Notice to Take Corporate Deposition. (ECF No. 107). Plaintiff asserts that this Court has already ruled in Plaintiff's favor regarding several subjects identified in the Notice of Deposition. Specifically, Plaintiff claims that item numbers 6, 7, 20, 33, and 34 and paragraph numbers G, H, U-AA, which relate to insurance, are not relevant pursuant to this Court's prior order. (ECF No. 108) Further, Plaintiff claims that item numbers 29-32 invade the province of the attorney-client privilege. (ECF No. 108 at 2). Moreover, Plaintiff claims that the discovery requested is duplicative of discovery taken in a related case, *i.e.*, *Wal-Mart Stores, Inc. v. Pendino*. The testimony was taken by counsel for PDX and Landmark and this testimony meets the standard of Rule 804(b).[2] Therefore, Plaintiff contends that items numbers 1, 2, 3, 4, 5,

---

[2] Under Rule 804(b), "[t]he following are not excluded by the rule against hearsay if the declarant is unavailable as a witness: (1) *Former Testimony*. Testimony that: (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one;

4

6, 7, 14, 15, 16, 17, 18, 19, 20, 21, 29, 30, 31, 32, 33, and 34 and to paragraphs I, J. O-Y, and AA are duplicative of topics raised in a prior deposition.

In response, Defendants assert that they are not trying to take a duplicative deposition. Instead, Defendants assert that David Townsend and David Stills were produced for a corporate deposition, but for only limited issues and topics. (ECF No. 109 at 2).

The Court will grant the Motion for Protective Order, in part. The Court holds that Defendants have a right to conduct a 30(b)(6) deposition in this case because it does not appear that all of the same topics were addressed in the prior corporate deposition in the underlying case. However, Defendants did not file any response related to Plaintiff's claim that certain topics are barred by this Court's prior rulings related to insurance and attorney-client privilege. To the extent that the deposition topics are in conflict with this Court's prior rulings, such topics are not proper topics for this 30(b)(6) deposition. The parties should come to an agreeable date for the 30(b)(6) deposition as part of their amended joint proposed scheduling plan they will submit to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel, for Sanctions, and to Disqualify (ECF No. 90) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order and/or to Quash Plaintiff's Request to Produce Documents Pursuant to Rule 30(b)(6) and 34 of the Federal Rules of Civil Procedure (ECF No. 105) is **DENIED**, in part. The Court will extend the deadline for this deposition to take place to allow Defendant thirty (30) days to provide the relevant

---

and (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

documents. The parties shall provide an amended joint proposed scheduling plan no later than **September 9, 2016**.

  **IT IS FINALLY ORDERED** that Defendants' Motion for Protective Order (ECF No. 107) is **GRANTED**, in part, and **DENIED**, in part, as outlined above. The parties should come to an agreeable date for the 30(b)(6) deposition as part of their amended joint proposed scheduling plan they will submit to the Court.

Dated this 2nd day of September, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE