UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WAL-MART STORES, INC.,                    )
                                          )
            Plaintiff,                    )
                                          )
    vs.                                   )        Case No. 4:14CV1805 RLW
                                          )
PDX INC., et al.,                         )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants PDX Inc., and Landmark Data, Inc., n/k/a

National Health Information Network, Inc.'s Motion for Sanctions.   (ECF No. 123).   This matter

is fully briefed and ready for disposition.

### I.    Background

On November 19, 2015, counsel for Defendants Landmark and PDX served Interrogatories

and Requests for Production upon counsel for Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart").   On

December 21, 2015, counsel for Wal-Mart provided objections to Defendants' Interrogatories and

Objections to Defendants' Request for Production.   Wal-Mart did not provide any answers or

responses to these Interrogatories and/or Request for Production, but instead objected to every

single discovery request.   Interrogatory numbers 4 and 5 read as follows:

4.      Please provide the last known address, employment status and last known telephone

number for Steve Carter, who was the Vice President of Wal-Mart Stores, Inc., on or about May

13, 2012.

5.      Please provide the last known address and contact information, including but not limited to

the phone number, for the following employees of AIG:

        (a)     Mr. Louis Igleasis;

1

(b)     Ms. Olga Garcia; and

(c)     Mr. Mark Genteman.

Wal-Mart objected to both interrogatories, stating that "Plaintiff objects that the information is not reasonably calculated to lead to the discovery of admissible evidence." *See* ECF No. 62-3.  In response to a Motion to a Compel, Wal-Mart agreed to provide answers to Interrogatories numbers 4 and 5.  In the Court's March 2, 2016 Order, Wal-Mart was required to provide answers by March 11, 2016.  *See* ECF No. 75 at 3.  In response to the March 2, 2016 Order, Wal-Mart filed a Motion to Extend Date to Respond, which was granted and Wal-Mart was allowed until March 28, 2016 to file the required answers and responses.  (ECF Nos. 77 and 78). Wal-Mart filed answers that indicated that one of the individuals has retired from Wal-Mart and the other three are no longer employed by AIG, but that information would be provided once the information is obtained.  (ECF No. 91-1 at 4-5).  Instead of answering these interrogatories, Wal-Mart filed a response to another motion to compel and for sanction in which it stated that it "anticipates that it will be able to supplement [their answer to Interrogatories 4 and 5] with the last known information of these retired employees within 15 days."  (ECF No. 97 at 5).  On September 2, 2016, this Court issued another Order stating, "[b]ecause more than fifteen days has passed since Plaintiff filed its response to the motion to compel, the Court assumes that Plaintiff has provided the last known addresses for the retired employees."  (ECF No. 115 at 3).  On September 9, 2016, Wal-Mart filed a Motion for Extension of Time, Without Objection, to File Proposed Scheduling Order.  (ECF No. 116).  In this Motion, Wal-Mart admitted that it had "yet to produce the information related to the retired employees relating to Defendants interrogatories nos. 4 and 5."  Wal-Mart asked the Court to extend the deadline until September 16, 2016 to provide this information.  (ECF No. 116).  The Court granted Wal-Mart until September 16, 2016.  (ECF No. 117).  On September 16, 2016, Wal-Mart filed another Motion for Extension of

Time. (ECF No. 118). Therein, Wal-Mart states that "the names of the current contact information for the four retirees are still being researched," and Wal-Mart requested additional time to produce this information. (ECF No. 118). Thereafter, Wal-Mart again filed a Motion for Extension of Time to provide answers to Interrogatories numbers 4 and 5. The Court gave Wal-Mart until September 23, 2016 to provide answers to the interrogatories and stated that "NO FURTHER EXTENSIONS WILL BE PERMITTED." (ECF No. 120). On September 23, 2016, Wal-Mart stated that the individuals at issue could be contacted through the undersigned, *i.e.*, Wal-Mart's counsel, without answering the interrogatories. (ECF No. 124-2).

On September 28, 2016, Defendants filed a Motion for Sanctions based upon Wal-Mart's failure to provide the information regarding the former employees, as requested in Interrogatories numbers 4 and 5. (ECF No. 123). On October 19, 2016, the Court held a hearing on the Motion for Sanctions. Also on October 19, 2016, Wal-Mart filed a Motion for Protective Order. (ECF No. 132).[1] Therein, Wal-Mart seeks a protective order to prevent the disclosure of the contact information for the individuals in Interrogatory numbers 4 and 5 based upon Missouri Supreme Court Rule 4-4.2.

## DISCUSSION

At issue before the Court is whether Wal-Mart should be sanctioned based upon its failure to provide the contact information for former Wal-Mart and AIG employees that Wal-Mart had promised to disclose for several months. Instead, Wal-Mart is now arguing, for the first time, that it is not required to provide the contact information for these individuals based upon Missouri Supreme Court Rule 4-4.2. Rule 4-4.2 provides, "In representing a client, a lawyer shall not

---

[1] Wal-Mart alluded to filing such a motion in its Opposition to the Motion for Sanctions (ECF No. 126 at 2). Wal-Mart, in keeping with its dilatory prosecution of this case, did not file its Motion for Protective Order until two (2) weeks later and after the Court's hearing on the Motion for Sanctions.

communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Wal-Mart asserts that the comments to the Rule make clear that former employees, such as the individuals identified in Interrogatory numbers 4 and 5, are covered under Rule 4-4.2:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having the managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

*State ex rel. Pitts v. Roberts*, 857 S.W.2d 200, 202 (Mo. 1993). Wal-Mart contends that "[t]he ex parte contact which counsel for Defendants is seeking is prohibited by the rules. " (ECF No. 126 at 1). Wal-Mart asserts it is "common practice to route any such communications through counsel." (ECF No. 126 at 2). Wal-Mart also filed a Motion for Protective Order wherein it refers to the Court to Informal Advisory Opinion No. 970214 that provides, "Attorney also may not directly contact current or former management employees who had management duties related, in any way, to the situation involved in the matter." *See* http://www.mobar.org/ethics/InformalOpinionsSearch.aspx. Wal-Mart states that "[a]n error was made in prior representations of counsel that the contact information would be provided." (ECF No. 133 at 2). Wal-Mart contends that it "is not attempting to avoid the deposition of these individuals by preventing ex parte contact. This is merely a prophylactic to comply with Rule 4-4.2 and is not intended to be in conflict with the spirit of any prior order of this Court." (ECF No. 133 at 2).

The Court hereby orders Wal-Mart to provide the addresses and telephone numbers for the individuals outlined in Interrogatory numbers 4 and 5. Wal-Mart relies on Rule 4-4.2 to support

its position, but Wal-Mart did not raise this objection until months after responding to Defendants' Interrogatories. Therefore, this objection is waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Moreover, Rule 4-4.2 does not preclude providing the information requested here. Rule 4-4.2 prohibits contacting employees and certain former employees. Defendants are only requesting the addresses and telephone numbers for these individuals. Defendants have not made any attempt to contact these individuals. Therefore, the Court holds that Rule 4-4.2 does not preclude Wal-Mart from providing the basic information requested.[2]

The Court is frustrated by the prolonged and obstructionist discovery methods employed by Wal-Mart throughout this litigation. As outlined in the background section of this Order, Wal-Mart promised this requested information for months before changing its position and refusing to respond to Interrogatories numbers 4 and 5. The Court finds such refusal to be unreasonable, given Wal-Mart's repeated promises to comply with its discovery obligations and this Court's Orders. The Court orders Wal-Mart to respond to Interrogatories numbers 4 and 5 within seven (7) days of the date of this Order. If Wal-Mart does not comply with this Court's Order within this time period, the Court will order Wal-Mart to pay Defendants' attorneys' fees in preparing this Motion for Sanctions and any subsequent motions for sanctions related to Interrogatory numbers 4 and 5, in addition to other possible sanction, including dismissal.

---

[2] The Court is not taking a position regarding whether Defendants ultimately may contact these individuals. Wal-Mart has not put that issue properly before the Court, and the Court lacks sufficient information to make such a ruling. See *State ex rel. Pitts v. Roberts*, 857 S.W.2d 200, 202 (Mo. 1993) (adopting a test regarding communications with former employees of the opposing party that "focuses neither upon a bright line hierarchical structure nor a bright line temporal distinction regarding which employee shall be treated as a party, but instead sets out a functional approach designed to be sensitive to the practical considerations of the real world"). Wal-Mart has not attempted to demonstrate that the individuals at issue satisfy this test.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions (ECF No. 123) is **GRANTED**, in part. Wal-Mart shall provide Defendants with the information requested in Interrogatory numbers 4 and 5 within seven (7) days.

**IT IS FURTHER ORDERED** that Plaintiff Wal-Mart Stores, Inc.'s Motion for Protective Order (ECF No. 132) is **DENIED**.

Dated this 21st day of October, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE