UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAL-MART STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1805 RLW |
| ) | |
| PDX. INC. et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Sanctions and Reconsideration (ECF No. 135). This matter is fully briefed and ready for disposition.

### Designation of Mr. Glynias

Defendants raise several issues with respect to the 30(b)(6) deposition of Plaintiff's corporate designee, Stefan Glynias. On September 2, 2016, this Court entered an Order holding "that Defendants have a right to conduct a 30(b)(6) deposition in this case because it does not appear that all of the same topics were addressed in the prior corporate depositions in the underlying case." (ECF No. 115). The Court also ordered that certain areas of inquiry were not proper topics for the 30(b)(6). In their current motion before the Court, Defendants complain that Plaintiff never conferred with Defendants prior to the 30(b)(6) deposition and that Mr. Glynias testified that he had never spoken with anyone at Wal-Mart about his designation as a corporate designee.

Defendants have not shown how the designation of Mr. Glynias or his failure to confer with his client impeded the progress of the 30(b)(6) deposition. Plaintiff remains bound by the answers given by Mr. Glynias as its 30(b)(6) corporate representative. The Court, however, finds no basis to sanction Plaintiff based upon Mr. Glynias' answers.

1

**Production of Documents**

Defendants also contend that Plaintiff failed to produce any documents or specifically designate by bates numbers any documents in response to the document requests as part of the Rule 30(b)(6) deposition. (ECF No. 136 at 7). Plaintiffs argue that they produced all of the documents previously.

Defendants have not shown that they were missing any necessary documents or that the absence of such documents impeded the deposition. As a result, the Court will not sanction Plaintiff.

**Topics**

Defendants assert that, contrary to this Court's Order, the parties failed to discuss the topics to be discussed prior to the actual deposition. (ECF No. 136 at 7-9). Defendants complain that Mr. Glynias was not permitted to discuss Topics 8 and/or 9 of the topics identified in the 30(b)(6) Notice of Deposition. Defendants claim that if Plaintiff had discussed its position as to the deposition topics prior to the deposition, as required by the Court's September 19, 2016 Order, then these matters could have been addressed prior to the October 10, 2016 deposition. As a result, Defendants request that this Court impose sanctions.

It appears to the Court that neither side attempted to discuss the deposition topics prior to the deposition. Communication between the parties seems to have been a problem throughout this litigation. The Court will not issue sanctions, but again implores the parties to discuss and communicate to avoid these misunderstandings and confusions.

### Reconsideration of Insurance Issue

Defendants also ask this Court to reconsider its prior insurance ruling that affects deposition Topics 33 and 34, which related to insurance coverage for the settlement. (ECF No. 136 at 12-13). Defendants assert that Mr. Glynias testified "as to a transfer or 'buyout' by AIG and as a result of AIG's involvement, and preference not to risk an adverse judgment at trial, the settlement value of the case significantly rose." (ECF No. 136 at 10). Defendants assert that "[i]f the amount paid by AIG, after a transfer or buyout of the claims was inflated due to AIG's actions or fear of an adverse judgment, these Defendants should not be required to pay anymore [sic] than the claim was worth when Wal-Mart, current Plaintiff was handling the matter." (*Id.*).

After reconsideration, the Court still does not believe that discovery of insurance information as it applies to AIG's buyout or transfer of claims is relevant to this case. Parties settle for a variety of different issues in every case. Discovery regarding the insurance information would lead to a mini trial on the buyout and similar issues and is not relevant to the underlying issue of liability. The Court, therefore, denies the motion for reconsideration.

### Reconsideration of Motion to Disqualify

Defendants again ask this Court to reconsider its denial of the Motion to Disqualify. (ECF No. 136 at 11). Defendants note that Mr. Glynias, who is currently counsel of record, was the only person designated as a corporate representative for Plaintiff and will be a necessary witness at trial. Defendants again refer the Court to Missouri ethics rule 4-3.7: "A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness…"

The Court again denies this motion for reconsideration. The Court will address this issue prior to trial, if necessary. At this stage of the litigation, it is not a basis for disqualification.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions and Reconsideration (ECF No. 135) is **DENIED**.

Dated this 31st day of January, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE